**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Chad Stephen Hayes, Appellant.

Appellate Case No. 2014-001717

Appeal From Lexington County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2017-UP-092
Submitted February 1, 2017 – Filed February 22, 2017

**AFFIRMED**

James Kristian Falk, of Falk Law Firm, LLC, of
Charleston; and Chief Appellate Defender Robert
Michael Dudek, of Columbia, both for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Susan Ranee Saunders, both of
Columbia; and Solicitor Donald V. Myers, of Lexington,
all for Respondent.

**PER CURIAM:**  Chad Stephen Hayes appeals his convictions for first-degree
criminal sexual conduct (CSC) with a minor, second-degree CSC with a minor,

contributing to the delinquency of a minor, and three counts of lewd act on a minor.  On appeal, Hayes argues the trial court erred by (1) qualifying an individual as an expert in child abuse assessment because the individual lacked sufficient knowledge, skill, experience, training, and education in the field of child abuse assessment and (2) permitting the individual to testify as both a forensic interviewer and an expert in child abuse assessment.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to issue 1: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693–94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].  Issues not raised and ruled upon in the trial court will not be considered on appeal.").

2.  As to issue 2: *State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("For an objection to be preserved for appellate review, the objection must be made at the time the evidence is presented . . . and with sufficient specificity to inform the [trial] court . . . of the point being urged by the objector . . . ." (citation omitted)).

**AFFIRMED.**[1]

**GEATHERS and MCDONALD, JJ., and MOORE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.